IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LaNika Williams; Damonni Clayton; and Jazmyn Rowell,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>)<br>)<br>Myrtle Beach Police Department; The  )<br>City of Myrtle Beach; Brenda  )<br>Bethune; Horry County Solicitor's  )<br>Office; and Nancy Livesay,  )<br>)<br>Defendants.  )<br>) | Case No.: 4:25-cv-3442-JD-TER<br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 16), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report addresses the Court's initial review of this fee-paid civil action filed by three *pro se* plaintiffs. Plaintiff LaNika Williams ("Plaintiff" or "Williams") filed timely objections.[1] (DE 18.)

**A. Background**

The Report sets forth the relevant factual allegations and governing legal standards, which the Court incorporates herein by reference. In brief, Plaintiffs Damonni Clayton ("Clayton") and Jazmyn Rowell ("Rowell") allege constitutional

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violations under 42 U.S.C. § 1983 arising from their treatment by law enforcement and prosecutors following a shooting incident in which they were witnesses and victims. Plaintiff LaNika Williams, their mother, was not present at the shooting and alleges derivative and bystander-type injuries.

### B. Report and Recommendation

The Magistrate Judge issued the Report on June 24, 2025, and concluded that Clayton and Rowell have standing to proceed, and their claims are not subject to summary dismissal at this stage. (DE 16.) The Magistrate Judge further concluded that Williams lacks Article III standing because she does not allege a personal, legally cognizable injury fairly traceable to Defendants' conduct and redressable by this Court. (*Id.* at 2–3.) Accordingly, the Report recommends dismissal of Williams without prejudice and continuation of the action as to Clayton and Rowell.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Williams objects to dismissal on several grounds. She asserts that (1) she suffered independent emotional and physical injuries as a parent and bystander; (2) she acted as an advocate and alleged "Good Samaritan" for her children; (3) she possesses durable powers of attorney for Clayton and Rowell; (4) her children were minors at the time of the incident; and (5) she should be permitted to proceed as guardian *ad litem* or based on theories of negligent infliction of emotional distress and loss of filial consortium. These objections do not demonstrate error in the Magistrate Judge's analysis. (DE 18.)

First, Article III standing requires that a plaintiff personally suffer an injury in fact that is concrete, particularized, and actual or imminent, and that the injury be fairly traceable to the challenged conduct and redressable by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The constitutional violations alleged in the complaint concern investigative, custodial, and prosecutorial actions taken with respect to Clayton and Rowell, not Williams. Allegations of emotional distress derived from injuries to third parties—even close family members—do not confer standing to assert federal constitutional claims belonging to others. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Second, Williams's reliance on state-law concepts such as bystander liability, negligent infliction of emotional distress, or filial consortium does not establish

standing to pursue federal § 1983 claims. Section 1983 provides a remedy only for the deprivation of a plaintiff's own federal rights. It does not authorize recovery for derivative injuries based on alleged violations of another person's constitutional rights. Any potential state-law tort claims are not pleaded as independent causes of action and, in any event, do not cure the standing defect identified in the Report.

Third, the durable powers of attorney attached to the objections do not permit Williams to prosecute this action on behalf of Clayton or Rowell. A non-attorney may not litigate *pro se* on behalf of others in federal court, regardless of familial relationship or power of attorney. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005). Similarly, Williams's request to act as guardian *ad litem* is unavailing where the record reflects that Clayton and Rowell are now adults proceeding on their own behalf and where no basis exists for appointment under Federal Rule of Civil Procedure 17.

Fourth, the assertion that Clayton and Rowell were minors at the time of the underlying incident does not alter the standing analysis. Standing is assessed based on who suffered the alleged legal injury. The fact that Williams is their parent does not transform alleged violations of her children's constitutional rights into her own.

In sum, the objections reflect disagreement with the outcome recommended by the Magistrate Judge but do not identify any legal or factual error in the conclusion that Williams lacks standing. The objections are, therefore, overruled.

**E. Conclusion**

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 16) and incorporates it herein by reference.

It is, therefore, ORDERED that:

1. Plaintiff LaNika Williams is DISMISSED WITHOUT PREJUDICE for lack of standing;

2. This action SHALL PROCEED as to Plaintiffs Damonni Clayton and Jazmyn Rowell and their claims against Defendants, as previously authorized; and

3. Any pending or collateral motions filed by or on behalf of Plaintiff Williams are DENIED AS MOOT.

**IT IS SO ORDERED**.

Florence, South Carolina
January 14, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.